FILED

MAR 2 4 2008

NANCY MAYER WHITTINGTON, CLERK
U S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| RODNEY THOMAS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Criminal Action No. 04-92 (RWR)

## MEMORANDUM OPINION AND ORDER

Defendant Rodney Thomas has moved to withdraw his guilty plea to one count of unlawful distribution of cannabis within 1000 feet of a school, in violation of 21 U.S.C. §§ 860(a) and 841(b)(1)(D), and one count of unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Thomas claims that he is innocent and that his attorney was ineffective. Because the plea was voluntary and knowing and his claim of innocence lacks evidentiary support, Thomas' motion to withdraw his plea will be denied.

### BACKGROUND

Thomas was indicted on one count of unlawful distribution of cannabis and one count of unlawful possession with intent to distribute cannabis in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), one count of using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1), and one count of unlawful possession of a

-2-

firearm and ammunition by a felon, in violation of 18 U.S.C.
§ 922(g)(1).  The government later filed a superseding
information charging Thomas with unlawful distribution of
marijuana within 1000 feet of a school and unlawful possession of
a firearm and ammunition by a felon.  Thomas waived his right to
be indicted by a grand jury and pled guilty to both counts.
(Plea Tr. at 13, 47.)

    The factual proffer which Thomas signed and agreed to under
oath (id. at 5, 20-21) sets forth the following facts.  In the
doorway of an apartment building less than 1000 feet from a
school, Thomas sold an undercover officer two bags of marijuana
in exchange for pre-recorded funds.  (Gov't Mem. in Opp'n to
Def.'s Mot. to Withdraw Guilty Plea ("Gov't Mem."), Ex. Factual
Proffer in Support of Guilty Plea at 2, 4.)  After the sale,
officers attempted to arrest Thomas.  He fled from the hallway
into an abandoned apartment, and dropped six bags of marijuana in
the process.  (Id. at 2-3.)  The police caught Thomas in the
apartment and retrieved his stash bag containing 52 additional
bags of marijuana.  (Id. at 2.)  They took him outside the
building where he was positively identified by the undercover
officer, arrested, and searched.  (Id. at 3.)  Officers recovered
from Thomas keys to a Ford pick-up truck and $731 in cash,
including the pre-recorded funds.  (Id.)  A Ford pick-up truck
was parked directly in front of the building.  Thomas' keys

-3-

opened the truck.  Officers found in it a loaded semi-automatic
pistol, $1,500 in cash, photos of the defendant, and two cell
phones bearing Thomas' street name.  (Id. at 3.)

Thomas claims that he has steadfastly maintained his
innocence and did not decide to plead guilty until his counsel,
Douglas Evans, convinced him that he would lose at trial.
(Def.'s Mot. to Withdraw his Plea of Guilty ("Def.'s Mot.") at
4.)  He says that after his plea hearing, he discovered that
Evans did not investigate the crime scene or the vehicle.  (Id.
at 5.)  He instructed Evans to file a motion to withdraw, but
Evans instead withdrew as counsel.  (Def.'s Reply to the Gov't
Opp'n ("Def.'s Reply") at 3.)  With new counsel, Thomas filed a
motion to withdraw his guilty plea claiming that he is innocent
of the charges and that Evans was ineffective.  The government
opposes, arguing that there was no defect in Thomas' Rule 11 plea
and that his claims of ineffective assistance of counsel and
innocence are insufficient.  (Gov't Mem. at 1 n.2, 5-7.)

### DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a
defendant to withdraw his guilty plea before a sentence is
imposed if he shows a "fair and just reason" for requesting the
withdrawal.  Fed. R. Crim. P. 11(d)(2)(B); United States v.
Jones, 472 F.3d 905, 907 (D.C. Cir. 2007).  "Although presentence
withdrawal motions should be 'liberally granted,' they are 'not

-4-

granted as a matter of right.'" <u>United States v. Ahn</u>, 231 F.3d
26, 30 (D.C. Cir. 2000) (quoting <u>United States v. Ford</u>, 993 F.2d
249, 251 (D.C. Cir. 1993); <u>United States v. Loughery</u>, 908 F.2d
1014, 1017 (D.C. Cir. 1990)). <u>See also</u> <u>United States v. Shah</u>,
453 F.3d 520, 521 (D.C. Cir. 2006); <u>United States v. Basu</u>, 531 F.
Supp. 2d 48 (D.D.C. 2008).  The decision to grant a withdrawal is
within the court's discretion.  <u>See</u> <u>United States v. Tolson</u>, 372
F. Supp. 2d 1, 8 (D.D.C. 2005), <u>aff'd</u>, No. 05-3102, 2008 WL
441764, at *1 (D.C. Cir. Jan. 24, 2008).

Typically, courts look at several factors in deciding
whether to grant a motion to withdraw a plea, including
(1) whether the guilty plea was somehow tainted, (2) whether the
defendant has asserted a viable claim of innocence,[1] and
(3) whether the delay between the guilty plea and the motion to
withdraw has substantially prejudiced the government's ability to
prosecute the case.  <u>United States v. West</u>, 392 F.3d 450, 455
(D.C. Cir. 2004); <u>United States v. Asaifi</u>, Criminal Action No.
04-401 (RMC), 2007 WL 1322098, at *5 (D.D.C. May 3, 2007).

When a plea is tainted because it was entered
unconstitutionally or contrary to Rule 11 procedures, the
standard for granting a motion to withdraw is lenient.  <u>See</u>
<u>United States v. Barker</u>, 514 F.2d 208, 221 (D.C. Cir. 1975).

---

[1] The D.C. Circuit has also expressed this factor as "a
legally cognizable defense."  <u>United States v. Curry</u>, 494 F.3d
1124, 1129 (D.C. Cir. 2007).

-5-

However, where the plea itself was properly entered, "more substantial reasons for delay [between the entry of the plea and the filing of the motion] must generally be asserted." Id. A district court should ordinarily conduct an evidentiary hearing upon request[2] where the motion to withdraw a guilty plea is based upon claimed ineffective assistance of counsel. Curry, 494 F.3d at 1131. However, "a court does not abuse its discretion in [holding no hearing] where there are no material factual issues in dispute." Id. A hearing is also unnecessary when the motion "fail[s] to allege sufficient facts or circumstances 'upon which the elements of constitutionally deficient performance might properly be found.' Summary disposition may also be appropriate where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." United States v. Taylor, 139 F.3d 924, 933 (D.C. Cir. 1998) (quoting United States v. Pinkney, 543 F.2d 908, 916 (D.C. Cir. 1976)) (internal citations omitted).

I.   VALIDITY OF THE PLEA

A plea of guilty is constitutionally valid if and only if it "'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. McCoy, 215 F.3d 102, 107 (D.C. Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)).  Rule 11 delineates

---

[2] Thomas' motion does not request a hearing.

-6-

procedural safeguards to ensure that a guilty plea is entered
into knowingly, voluntarily, and intelligently.[3]  See Fed. R.
Crim. P. 11(b).  "An understanding of the crime to which a
defendant is admitting guilt is a 'core consideration' of Rule
11."  United States v. Shah, 263 F. Supp. 2d 10, 21 (D.D.C. 2003)
(quoting Ford, 993 F.2d at 251), aff'd but remanded on other
grounds, 453 F.3d 520 (D.C. Cir. 2006).  "[T]he record of the
plea colloquy must lead a reasonable person to believe that the
defendant understood the nature of the charge, such as through a
judicial recitation of the material details of the charge."  Id.
A defendant who does not "'show some error under Rule 11 has to
shoulder an extremely heavy burden if he is to ultimately
prevail' in his effort to withdraw his plea."  United States v.
Berkeley, 515 F. Supp. 2d 159, 161 (D.D.C. 2007) (quoting United
States v. Cray, 47 F.3d 1203, 1208 (D.C. Cir. 1995)).  The
defendant's representations at the plea hearing regarding

---

[3] In considering and accepting a guilty plea, a court must
inform a defendant of several things, including the right to
plead not guilty; the right to a jury trial; the right to be
represented by counsel at trial and at every other stage of the
proceeding; the right at trial to confront and cross-examine
adverse witnesses, to be protected from compelled self-
incrimination, to testify and present evidence, and to compel the
attendance of witnesses; the defendant's waiver of these trial
rights if the court accepts a plea of guilty; the nature of each
charge to which the defendant is pleading; and any maximum
possible penalty.  Fed. R. Crim. P. 11(b)(1).  A court must also
determine that a plea is voluntary and did not result from force,
threats, or promises other than promises in the plea agreement,
and that there is a factual basis for the plea.  Fed. R. Crim. P.
11(b)(2)-(3).

-7-

"adequacy of counsel and the knowing and voluntary nature of his

plea . . . may 'constitute a formidable barrier' to . . . later

refutations." Taylor, 139 F.3d at 933 (internal citations

omitted) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

Thomas does not argue that the plea colloquy itself was

unconstitutional and an examination of the transcript reveals

that Thomas' guilty plea was "attended by all the required

procedural safeguards [of Rule 11]." Cray, 47 F.3d at 1208.  The

plea hearing engaged Thomas in a thorough Rule 11 inquiry which

elicited his understanding of, and agreement to, the fact that by

pleading guilty he was "waiving his right to trial and his Fifth

Amendment privilege against self-incrimination." Shah, 453 F.3d

at 522.  (See also Plea Tr. at 13, 18.)  The transcript reflects

Thomas' confirmation that he had fully discussed the charges and

the plea offer with his attorney, had enough time speak with his

lawyer, was satisfied with his attorney's services, and

understood the plea agreement. (Id. at 9, 10, 19-21.)  Each

material element of the charges was described to him and he was

told that if he went to trial, the government would have to prove

every element beyond a reasonable doubt before he could be found

guilty. (Id. at 35-36.)  Finally, Thomas agreed that the factual

proffer read in court was a "true and accurate" description of

the events that occurred, declined an opportunity to ask any

-8-

questions or speak with his lawyer before entering a plea, and proceeded to voluntarily admit guilt.  (Id. at 43-44, 46-47.)

Thomas argues that his plea is tainted because Evans provided ineffective assistance of counsel.  A plea based upon the advice of counsel that "'falls below the level of reasonable competence such that the defendant does not receive effective assistance' is neither voluntary nor intelligent."  McCoy, 215 F.3d at 107 (quoting Loughery, 908 F.2d at 1019) (internal citation omitted).  In order to show that his plea was based upon constitutionally ineffective assistance of counsel, Thomas must show that counsel's performance was deficient, meaning that the representation falls below an objective standard of reasonableness, and that the deficiency prejudiced the defendant.  See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  If the defendant "is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."  Tolson, 372 F. Supp. 2d at 11 (quoting Hill, 474 U.S. at 56) (internal quotation marks omitted).

When the evidence supports a defendant's assertion that he would not have accepted the plea agreement, but for counsel's erroneous advice, a defendant has been prejudiced.  See United States v. Streater, 70 F.3d 1314, 1322 (D.C. Cir. 1995) (stating

-9-

that the defendant's affidavit asserting his innocence and intention to argue a defense, his rejection of plea offers until counsel's error, and the judge's sending for a jury panel support an intent to proceed to trial).  To satisfy the required showing of prejudice, a "defendant must make more than a bare allegation that he would have pleaded differently and gone to trial[.]" United States v. Horne, 987 F.2d 833, 836 (D.C. Cir. 1993) (quoting Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986)) (internal quotation marks omitted).  See also Tolson, 372 F. Supp. 2d at 19 (stating that the Strickland test requires not "some" probability, but "reasonable" probability, a threshold that bare allegations fail to satisfy).  The prejudice inquiry determination is "closely related to the objective prediction of whether the defense could succeed if the case went to trial." United States v. Del Rosario, 902 F.2d 55, 58 (D.C. Cir. 1990) (noting that whether there is a colorable claim of innocence is relevant to the determination of a motion to vacate a plea due to ineffective assistance of counsel).

Thomas claims that he entered his guilty plea because Evans convinced him that the government's evidence was overwhelming and that the jury would not believe his testimony.  It was not unreasonable for Evans, when assessing a client's case and the evidence put forward against him, to express his view that Thomas would lose at trial because "'no jury would ever believe his

-10-

testimony over that of a police officer.'"  (Def.'s Mot. at 4.)
Cf. Curry, 494 F.3d at 1130 (finding that an attorney's statement
that the "case was hopeless *and* that he should plead guilty" was
prudent advice considering the evidence and the potential
sentence (internal quotation marks omitted)); Tolson, 372 F.
Supp. 2d at 22 (finding that an attorney's statement that the
defendant was "'not going to get out of this'" was appropriate
advice based on the assessment of the case and even if it did
amount to coercion, the defendant had ample opportunity in the
plea hearing to notify the court); Hines v. Miller, 156 F. Supp.
2d 324, 330-33 (S.D.N.Y. 2001) (explaining that counsel's
assertion that the defendant "had no chance to win at trial"
amounted to no more than candid advice which was professionally
appropriate and indicative of effective, rather than ineffective,
assistance of counsel).  There is nothing to show that Evans'
frank assessment of how a jury might weigh testimony at trial was
deficient.  Indeed, it is noteworthy that two different judicial
officers in two different hearings in this case credited the
testimony of an officer who was on the scene in finding probable
cause for Thomas' arrest and in denying Thomas' motion to
suppress evidence.  (See Prelim. & Detention Hr'g Tr. at 38;
Mots. Hr'g Tr. at 66.)  Moreover, in light of the physical and
testimonial evidence available to the government to establish the
incriminating facts which Thomas admitted under oath, Evans'

-11-

assessment of the strength of the evidence cannot be seriously questioned.

Thomas also alleges that Evans misled him, failed to visit the crime scene and vehicle from which the police recovered evidence, and did not keep him informed of his case. (Def.'s Mot. at 2.)  At the plea hearing, Thomas stated that he had sufficient time to speak with Evans and that he was satisfied with the legal services he had received.  While counsel has a duty to investigate a case in order to effectively advise a client, "the need to investigate can be obviated where, for instance, the defendant can supply all the information needed." Shah, 263 F. Supp. 2d at 22 (citing Strickland, 466 U.S. at 691) (noting that effective counsel includes "familiarity of counsel with the case and an opportunity to investigate it *if necessary* in order meaningfully to advise the accused of his options" (quoting Herring v. Estelle, 491 F.2d 125, 128 n.6 (5th Cir. 1974)) (internal quotation marks omitted)).

Thomas has not provided any details of what information Evans would have obtained by examining the vehicle or visiting the crime scene, nor has he shown how such information would have been of any consequence.  See generally United States v. Askew, 88 F.3d 1065, 1073 (D.C. Cir. 1996) (noting that for ineffective assistance claims based on a failure to investigate following a conviction, the D.C. Circuit requires that the defendant make "'a

-12-

comprehensive showing . . . on what information would have been obtained from such an investigation and whether such information, assuming its admissibility in court, would have produced a different result'" (quoting <u>Sullivan v. Fairman</u>, 819 F.2d 1382, 1392 (7th Cir. 1987)); <u>Fears v. United States</u>, Civ. Action No. 06-86 (JDB), 2006 WL 763080, at *10 (D.D.C. Mar. 24, 2006) (finding that the petitioner's claim for ineffective assistance of counsel due to a failure to investigate failed because he did not specify "what the possible effect of further investigation would have been -- i.e., what evidence or result would have been yielded had further investigation occurred -- much less articulated how the lack of such investigation prejudiced him"). Thomas argues that a mistaken identity defense or constructive possession case could have been raised at trial, but he does not explain how such defense approaches were affected by an alleged failure to investigate. He has presented no authority establishing any presumption that Evans would need to visit the crime scene or see the vehicle in order to provide effective counsel concerning pleading guilty. Additionally, contrary to Thomas' argument that Evans "conducted little or no investigation into the facts of the case" before the plea (Def.'s Mot. at 3-4), Evans, at minimum, collected from the government Fed. R. Crim. P. 16 discovery material and discussed it with Thomas (<u>see</u> Def.'s Mot. at 5), and gathered more factual information through cross-

-13-

examining a police witness at the detention and evidentiary suppression hearings months before the plea about aspects of the undercover purchase, the identification, pursuit, arrest, and search of Thomas, the apartment building, and the search of the vehicle. (<u>See</u> Prelim. & Detention Hr'g Tr. at 21-36; Mots. Hr'g Tr. at 28-60.)

Even if Thomas could show that his counsel was deficient, he would still need to prove prejudice. <u>Shah</u>, 263 F. Supp. 2d at 23 ("'[T]he determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.'" (quoting <u>Hill</u>, 474 U.S. at 59)). With only bare allegations of innocence, Thomas has not established prejudice by showing a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>See</u> <u>Hill</u>, 474 U.S. at 59.

To measure the reasonable probability that Thomas would have proceeded to trial, all counts that Thomas would have faced are considered and not just the counts to which he pled guilty. <u>In re Sealed Case</u>, 488 F.3d 1011, 1017 (D.C. Cir. 2007) (stating that absent a plea agreement, the government would have no reason

-14-

not to prosecute all the counts in the indictment). Here, the government's evidence included the marijuana obtained from Thomas during the undercover purchase, 58 additional bags of marijuana that Thomas stashed or dropped, the testimony of several percipient law enforcement witnesses, over $2,200 in cash, including pre-recorded funds seized from Thomas, and a loaded pistol near Thomas' cell phones and pictures inside a truck opened by keys Thomas held.  Before reaching a plea agreement, Thomas had been facing a charge of using, carrying, and possessing a firearm during a drug trafficking offense.  If convicted of this count, Thomas would have been classified as a career offender under the guidelines due to his two prior felony narcotics convictions.[4]  For a career offender convicted under 18 U.S.C. § 924(c), the recommended guideline sentence likely would have been substantially higher than the guideline range under his plea agreement.  U.S. Sentencing Guidelines Manual § 4B1.1(c) (2004) (stating that for a career offender convicted of 18 U.S.C. § 924(c), the guidelines contemplate a sentence in excess of 262 months).[5]  Even if Evans had been ineffective, the potential longer sentence and the strength of evidence weigh against any

---

[4] In his plea agreement, Thomas agreed that he had at least two prior drug felony convictions.  The presentence investigation report also reflects Thomas' status as a career offender. (Gov't's Opp'n at 5; Presentence Investigation Report ¶ 28.)

[5] Thomas had attempted to suppress the firearm found in the vehicle, but was unsuccessful. (See Mots. Hr'g Tr. at 69.)

-15-

reasonable probability that but for Evans' error, Thomas would have not accepted a plea and proceeded to trial.  He has not made out a sufficient claim of ineffective assistance of counsel to render his plea invalid.

II.  VIABLE CLAIM OF INNOCENCE OR LEGALLY COGNIZABLE DEFENSE

A defendant seeking to withdraw a guilty plea before sentencing "'must affirmatively advance an objectively reasonable argument that he is innocent, for he has waived his right simply to try his luck before a jury.'"  Asaifi, 2007 WL 1322098, at *5 (quoting Cray, 47 F.3d at 1209).  A general denial of guilt is insufficient.  West, 392 F.3d at 456.  If withdrawal were automatic in every case where the defendant merely asserts legal innocence and wishes "to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.  In fact, however, a guilty plea is no such trifle, but 'a grave and solemn act' which is 'accepted only with care and discernment.'"  Barker, 514 F.2d at 221 (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).  Consideration "not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of [the] original pleading" is important.  Barker, 514 F.2d at 221.  When the plea was proper, "withdrawal is not an automatic right and more substantial reasons for delay must

-16-

generally be asserted." Id. "[T]he assertion of a legally
cognizable defense, standing alone, does not impel a district
court to permit withdrawal of a plea." United States v. McKoy,
645 F.2d 1037, 1039 (D.C. Cir. 1981).

Thomas claims to have "steadfastly proclaimed his
innocence." (Def.'s Mot. at 2.)  He certainly did not do so
during his plea colloquy. (Plea Tr. at 20-21, 43.)  At the plea
hearing, Thomas admitted that he knowingly possessed 112.7 grams
of marijuana, sold marijuana to an undercover officer for $40
within one thousand feet of a school, possessed a loaded firearm,
and had been previously been convicted in Superior Court of
distributing heroin. (Id. at 43-44.)  In a later interview with
the probation officer, Thomas still "agreed with the facts
contained in the charging document." (Gov't's Opp'n at 5;
Presentence Investigation Report ¶ 18.)  These admissions weaken
his assertion of innocence, see Curry, 344 F. Supp. 2d at 28, and
Thomas has not provided a substantial reason for a delay in
claiming his innocence.

Thomas asserts that his claim of innocence is more than a
general denial because it "may be construed as a mistaken
identity case or a constructive possession case." (Def.'s Reply
Br. at 4.)  Despite claiming that either "defense" is "viable and
objectionably reasonable" (id.), Thomas presents no evidence that
would allow the court to assess the validity of his innocence

-17-

claim.  United States v. Robinson, 498 F. Supp. 2d 328, 336
(D.D.C. 2007) (stating that the defendant "'must affirmatively
advance an objectively reasonable argument that he is innocent'"
(quoting Cray, 47 F.3d at 1209)).  A defendant who claims to be
innocent "should have to satisfy an increased evidentiary burden
of persuasion, requiring that he or she proffer substantial facts
in support of the innocence claim."  Tolson 372 F. Supp. 2d at
24-25 (finding that the defendant's claims that she never
possessed the drugs recovered from her residence, that the
recovered firearm was not her property or in her possession, and
that she was unaware of its existence constituted "mere
recantations of earlier admissions of guilt" and were
insufficient to establish a legally cognizable claim).  McCoy
recognized legally cognizable defenses to narcotics distribution
and conspiracy charges where police surveillance notes described
the seller as white while McCoy was black, and acquittal on the
distribution count could eliminate part of the basis for the
conspiracy charge.  215 F.3d at 106-07.  Here, by contrast,
constructive possession is a theory of culpability, not a
defense, and Thomas does not offer evidence to show that his
misidentification defense is reasonable.  One officer on the
scene whose pretrial testimony has already been judicially
credited saw the undercover buyer make a confirmatory
identification of Thomas as the seller within minutes of the

-18-

sale, and positively identified Thomas on his own in court as the
arrestee.  (Mots. Hr'g Tr. at 15, 17, 22.)  Facing this and the
undercover officer's own identification testimony, Thomas would
need far more than he has presented to establish a viable
misidentification defense.

Thomas' assertion that law enforcement officers testified
falsely does not warrant a withdrawal of his guilty plea.  Thomas
does not present any evidence of false testimony.  At the plea
hearing, Thomas understood and agreed with the factual proffer
and waived his opportunity to require the government to prove its
burden or to cross-examine witnesses.  See Cray, 47 F.3d at 1209
(noting that unlike a defendant who has not pled guilty, a
defendant who has pled guilty must affirmatively advance an
objectively reasonable argument that he is innocent).

Thomas' assertions of innocence also imply that he committed
perjury during his plea, and "[l]ying to a court is not a 'fair
and just reason' for allowing a plea to be withdrawn."  Shah, 453
F.3d at 523 (internal citation omitted) (quoting Fed. R. Crim. P.
11(d)(2)(B)); see also Barker, 514 F.2d at 223 (explaining that
it is important to consider whether a withdrawal motion "is
premised on claims directly contrary to the representations" made
during the plea hearing, and affirming denial of the motion to
withdraw because appellants willfully abused and misled the
court).  Even if Thomas' defense were viable, it adds "'little

-19-

weight on the side of permitting withdrawal.'" <u>Curry</u>, 494 F.3d
at 1129 (quoting <u>United States v. Hanson</u>, 339 F.3d 983, 988-89
(D.C. Cir. 2003) (stating that where the defense was "extremely
weak" and belated, the district court did not abuse "its
discretion in declining to give it much weight as a factor
favoring the withdrawal of [the defendant's] guilty plea")).

III. PREJUDICE TO THE GOVERNMENT

     Prejudice to the government may properly be taken into
account when considering whether to allow a defendant to withdraw
a guilty plea.  Its absence is not dispositive, though,
particularly where the plea was not tainted and a defendant has
failed to present a viable claim of innocence.  <u>West</u>, 392 F.3d at
457.  "[I]f the defendant has long delayed his withdrawal motion,
and has had the full benefit of competent counsel at all times,
the reasons given to support withdrawal must have considerably
more force" given the prejudice a withdrawal could inflict on the
government.  <u>See</u> <u>Barker</u>, 514 F.2d at 222.

     Thomas claims that he attempted to withdraw his guilty plea
upon learning of Evans' alleged failure to investigate, but was
unsuccessful.  Thomas changed lawyers twice, which resulted in
some unavoidable delay, and approximately three months passed
before he was able to file his motion to withdraw.  (Def.'s Mot.
at 2.)  The government relies on this three-month delay and the
efforts it expended in preparing the plea as showing prejudice,

-20-

but concedes that it did not investigate the status of witnesses

and evidence before filing its opposition.  (Gov't Opp'n at 6.)

Allowing Thomas to withdraw his plea may present some prejudice

to the government, but the valid Rule 11 plea proceeding and the

weak claim of innocence are the decisive factors weighing against

granting a withdrawal.

CONCLUSION

Because the guilty plea was entered voluntarily, the plea

colloquy satisfied Rule 11, and the claim of innocence lacks

evidentiary support, Thomas' motion to withdraw his guilty plea

will be denied.  Accordingly, it is hereby

ORDERED that defendant's motion to withdraw his guilty plea

[45] be, and hereby is, DENIED.  It is further

ORDERED that this matter be referred for preparation of an

updated presentence report and that sentencing be set for

April 24, 2008 at 10:00 a.m.  Any updated sentencing memoranda

and motions must be filed by April 17, 2008.

SIGNED this 21st day of March, 2008.

RICHARD W. ROBERTS
United States District Judge